MATTOS v. FELGENHAUER et al.

(Supreme Court, Appellate Division, Second Department.  January 10,.1913.)

1. MASTER AND SERVANT (§ 278*)—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE—BELT FASTENING.

Evidence in a servant's action for injuries by being caught by a belt and a revolving shaft while trying to put the belt on a pulley *held* not sufficient to show the master's negligence as to the belt and its fastenings.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§ 152*)—MASTER'S DUTY—INSTRUCTING SERVANTS.

A master was under no duty to instruct a servant as to the proper way of putting on a belt over a pulley, where the servant had worked around machinery for seven years, and in defendant's shop for a year and a half, and had frequently put belts over pulleys.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 313; Dec. Dig. § 152.*]

3. MASTER AND SERVANT (§ 281*)—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

Evidence in a servant's action for injuries by being caught in a belt revolving over a pulley and drawn around a revolving shaft *held* to establish the servant's contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

Appeal from Trial Term, Kings County.

Action by Edward Mattos against Edmund Felgenhauer and others. From a judgment of the Supreme Court in favor of the plaintiff, and from an order denying their motion for a new trial, defendants appeal. Judgment and order reversed, and a new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

John C. Robinson, of New York City, for appellants.

William E. Butler, of New York City, for respondent.

BURR, J. Plaintiff while in .defendants' employ attempted to shift a belt upon a pulley on a revolving shaft. Upon this shaft and distant 2½ inches from said pulley was a coupling. Upon the side of the coupling nearest to the pulley certain bolts projected a distance of about $3/16$ of an inch, and they were unguarded. According to plaintiff's evidence, the belt consisted of several pieces of leather, not all equal in width, which were fastened together by clips or fasteners, and one of plaintiff's witnesses testified that on one of them "the teeth were sticking out, and the others there were hooks. They were bent over and they were sticking up." Upon the day of the accident the belt had stretched, and, under direction of defendants' foreman, plaintiff had cut out a piece about two inches wide, fastened the ends together, and was attempting to replace the belt over the pulley. The shaft was some distance above the floor, and, in order to reach the pulley, it was necessary for plaintiff to go upon a ladder. He placed this against the shaft, between the machine and the pulley, and upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the side of the shaft toward which the pulley was revolving. In order from this position to reach the belt, it was necessary for him to extend his arm across the shaft and either above or beneath it. At first he said that his arm was above the shaft, and then that it was underneath. It was certainly in one position or the other. While his arm was in this position, it was caught in the belt and drawn around the shaft, and severe injuries resulted therefrom.

Plaintiff charged defendants with negligence (1) in allowing the ends of the bolts upon the coupling to be unguarded; (2) with respect to the belt and its fastenings; (3) because of the close proximity of the coupling to the pulley; and (4) in not providing some appliance by which the belt might be put on other than by hand.

[1] With respect to the second ground of alleged negligence the proof fails. There is nothing from which a jury could find that the fact, if it is a fact, that the belt consisted of several pieces of leather of unequal width caused it to run unevenly or in any manner contributed to the accident. If the ends of the fastenings were left sticking up, it was due to plaintiff's negligence, for the testimony of the plaintiff's witness Ruggles is to the effect that:

"When any one has the belt off and repairing it, it is only the work of a minute to flatten those down. * * * They can do it as fast as they can strike with the hammer, practically."

With respect to the unguarded ends of the bolts, if there is sufficient evidence to justify a jury in believing that this was an unusual and dangerous condition, and to base a finding of negligence thereupon, it is clear that this in no degree contributed to the accident. It did not appear that the belt or any part of plaintiff's person or clothing came in contact with these. The testimony of plaintiff himself is positive to the effect that his arm was caught in the belt, and not in the projecting bolts. After the accident, the sleeve of his coat was found twisted up with the belt around the shaft. The belt had wrapped around the shaft once, then the sleeve, and then there were eight or nine additional wrappings of the belt around the shaft before it started to twist toward the coupling.

[2, 3] With respect to the other alleged grounds of negligence, while the evidence is conflicting, we think that there was enough to require the submission of these questions to the jury, and it would follow that the judgment must be affirmed but for evidence affirmatively establishing plaintiff's contributory negligence. He attempted to put the belt over the pulley from the wrong side of the shaft, and while standing between the machine and the pulley. That this was an exceedingly dangerous thing to do is established, not only by the testimony of all the witnesses for the defendants, but by every witness called for plaintiff who had any practical experience with the operation of machinery. The only evidence to the contrary comes from the lips of a paid expert called by plaintiff, and his testimony is so at variance with ordinary and well-known principles of mechanics as to be entitled to no credence whatever. The person of ordinary intelligence must know that if the arm is stretched over or under a shaft revolv-

ing toward him, and any portion of his personal clothing is caught between the shaft and the pulley, it must be drawn around the shaft, instead of being quickly released. On the other hand, if the direction of the revolution is away from the person, and anything catches between the belt and the shaft, the quicker the revolution is made the sooner release is effected. In addition, the probability of being caught is greatly diminished if the shaft is approached from the proper side, since, in that case, it is unnecessary to put any portion of the hand or arm over the shaft itself.

The plaintiff attempted to show that he could not place the ladder on the other side of the shaft, for the reason that certain columns interfered therewith, but it appeared that these columns were no part of the building itself, but were manufactured material lying on the floor of the machine shop, awaiting removal. There is nothing to indicate that these might not have been moved in order to enable the proper location of the ladder.

Plaintiff also sought to convince the jury that he was ignorant of the proper method of approaching the shaft in order to place the belt over the pulley. It appeared that he had been working around machinery for seven years, and had worked in defendants' shop for a year and a half prior to the date of his injury, had frequently put belts on before, had safely performed the operation with other belts eight times on the preceding day, and had adjusted this same belt over the same pulley about three weeks before. The jury were not justified in finding that his alleged ignorance excused his culpable carelessness, and the learned trial court very properly told it that defendants were under no duty to instruct plaintiff as to the proper method of putting on the belt. It may be that, in view of the testimony of the expert above referred to and in accordance with the provisions of the act relating to employers' liability, it was the duty of the trial court to submit the question of plaintiff's freedom from contributory negligence to the jury. But a verdict based upon an affirmative finding upon that point is so clearly against the weight of the evidence that it should not be permitted to stand.

The judgment and order denying a motion for a new trial should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and HIRSCHBERG and CARR, JJ., concur. THOMAS, J., concurs upon the ground that the only issue relating to defendants' negligence is that the coupling was too near the pulley.