(160 App. Div. 34)

### MATTOS v. FELGENHAUER et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

MASTER AND SERVANT (§ 285*)—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

    In an employé's action for injuries sustained while attempting to place a belt on a moving pulley, the complaint charged as one of the grounds of negligence the proximity of a coupling in the shaft to the pulley. The employé testified that before the belt caught on the pulley it slipped off and in the same moment, as it slipped, caught his sleeve, and it appeared that the belting then wrapped itself into the space between the coupling and the pulley. *Held*, that the winding and jamming of the belt into this space was a sequel to, rather than a cause of, the accident and tended to stop the belt and not to enhance the injury, and hence the court properly refused to submit this ground of negligence to the jury.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1002, 1003, 1007, 1008, 1016, 1035, 1043, 1053; Dec. Dig. § 285.*]

    Thomas and Rich, JJ., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Edward Mattos against Edmund Felgenhauer and others. From a judgment for defendants and an order denying a new trial, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

William E. Butler, of New York City, for appellant.

John C. Robinson, of New York City, for respondents.

PUTNAM, J. On the former appeal (154 App. Div. 699, 139 N. Y. Supp. 379) it was held that the unguarded bolts projecting from the side of the coupling did not contribute to the accident, as the plaintiff's arm was caught in the belt and not in the coupling.

The complaint charged that the defendant was negligent in "allowing said coupling and the bolts therein to be and remain in close proximity to said belt, and in allowing said belt, pulley and wheel, or wheel and shaft, and shaft coupling and bolts to be and remain dangerous, unsafe, and defective in construction and condition."

At this trial plaintiff testified that as he was trying to put the belt back, and before the belt had caught on to the revolving pulley, it slipped off, and "in that moment as the belt slipped" it threw it out, and from slipping caught the plaintiff's sleeve. On redirect, the plaintiff again stated that, "in the same moment" that the belt fell off, it got hit by the sleeve.

The fact that it drew in the plaintiff's arm and the loose belting then wrapped itself into the space between the coupling and the pulley was a sequel to the accident, rather than its cause. After his sleeve had been caught, the subsequent winding and jamming the belt into the space by the coupling would tend to stop the belt, and not to enhance the injury.

Hence the court on this trial was not required to submit to the jury, as a distinct ground of fault, the question of the nearness of the coupling to the pulley.

The judgment and order should therefore be affirmed, with costs.

JENKS, P. J., and CARR, J., concur. THOMAS, J., reads for reversal, with whom RICH, J., concurs.

THOMAS, J. (dissenting). Upon a former appeal in this action a judgment for the plaintiff was reversed upon the ground that the finding by the jury that the plaintiff was free from contributory negligence was against the weight of evidence. That ruling concedes that there was evidence that the plaintiff was free from contributory negligence. It was, in the opinion, carefully pointed out that of the four grounds of negligence charged against the defendant, two were not causative, but that as to the others "there was enough to require the submission of these questions to the jury." Such two questions were stated to be "the close proximity of the coupling to the pulley," and whether there was negligence "in not providing some appliance by which the belt might be put on other than by hand." Upon a new trial, the court

explicitly refused to submit the question of the negligent proximity of the coupling to the pulley, but submitted the issue of the safety appliance.  The jury found a verdict for the defendant.  The refusal to submit the one question as requested did not follow the decision of this court and was, in itself, error.  The plaintiff was injured in attempting to place a belt on a pulley, and as he did so the belt slipped down on the lower part of the wheel and caught between the pulley and the coupling.  The distance between the pulley and the coupling was 2½ inches, which was the exact width of the belt.  After the belt caught in the confined space, it wrapped around the shaft several times, in the course of which it entangled the plaintiff's sleeve and caused injury.  It was quite practicable to move the coupling farther from the pulley, and the failure to do so, as the evidence strongly tends to show, was the cause of the accident.  One of the witnesses says:

"The end of the belt was in between the pulley and the coupling, wrapped around; it was tight wrapped around and wedged in between; wedged in between the coupling and the pulley.  His sleeve was there, in between the belt.  When that belt was unwound, the machinery was stopped and the belt began to be unwound, so the extreme end was flapping around two feet, and then three twists was unwound on the length and down, and then we came in between the pulley and the coupling and those ends we unwound about six wraps around or seven."

It seems, also, that some part of the belt overrode the coupling, for the witness says:

"The part of the belt that was wound up over the coupling came away, but the part between the coupling and the pulley we had to use force in order to pull it away."

In other words, the belt, jamming in the place, wound and wedged itself around the shaft, entrapping plaintiff's sleeve.  So, then, by inadvertence, not only was the rule established by this court disregarded, but what seems to be a plain cause of the accident the jury was not suffered to consider.  The former decision condemns the present judgment, and it should be reversed, and a new trial granted.